NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHA 1 ADJUSTERS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 15-2124 (ES) |
| LISA JORBEL-BROWN, | **MEMORANDUM OPINION** |
| Defendant. | |
| LISA JORBEL-BROWN, | |
| Third-Party Plaintiff, | |
| v. | |
| SALVATORE TEODORO, | |
| Third-Party Defendant. | |

Before the Court is Defendant Lisa Jorbel-Brown's ("Defendant" or "Jorbel-Brown") motion to join necessary parties or, in the alternative, dismiss Plaintiff Alpha 1 Adjusters, LLC's ("Plaintiff" or "Alpha") complaint under Federal Rules of Civil Procedure 12(b)(7) and 19. (D.E. No. 16). Alpha opposes Jorbel-Brown's motion. (D.E. No. 21). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, Jorbel-Brown's motion is DENIED.

**I.  Alpha's allegations**

Alpha "was in the business of property preservation, which involved the cleaning and maintenance of foreclosed properties, such as houses, on behalf of foreclosing banks." (D.E. No. 1, Exh. A ("Compl.") ¶ 3).  Part of Alpha's services included removing "personalty [sic] left in the houses," which Alpha "was entitled to keep." (*Id.* ¶ 3).  While working for Alpha, "[D]efendant's sons"—Scott and Kyle Jorbel (hereinafter, the "Jorbel Sons")—found 30 "works of art" or "sketches" worth "approximately $20,000 each." (*Id.* ¶ 4).  The Jorbel Sons requested—and Alpha agreed—to let them keep 3 of these sketches. (*Id.* ¶ 5).

But, "[i]nstead of turning over the rest of the sketches that they found to [P]laintiff, Scott and Kyle delivered them to [D]efendant, who has failed to return them to [P]laintiff." (*Id.* ¶ 6). So Alpha alleges that it owns "the rest of the sketches," and Jorbel-Brown "has wrongfully retained them." (*Id.* ¶ 7).

Alpha asserts the following state-law causes of action: (1) replevin; (2) conversion; and (3) unjust enrichment. (*Id.* at 2-4).  This Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

**II.  The parties' arguments**

Jorbel-Brown asserts that her "motion is necessary because her ex-husband, Sal Teodoro, through his defunct company Alpha 1 Adjusters, has accused their sons of committing a crime by stealing the property at issue in the Complaint." (D.E. No. 16-1 ("Def. Mov. Br.") at 1).  She contends that the Jorbel Sons are subject to service of process, joinder will not affect subject matter jurisdiction, and that they have "an interest in the subject of this action." (*Id.* at 3-4).

Notably, Jorbel-Brown argues that joinder of the Jorbel Sons is necessary under Rule 19(a)(1)(B) because (1) "disposing of this matter in their absence will surely impede their ability

to protect" their "ownership interest in the sketches" and (2) resolving this matter without them as defendants "carries with it the potential that Ms. Jorbel-Brown will face double or inconsistent obligations, *e.g.*, having to turn over the sketches to both Plaintiff and to Scott and Kyle." (*Id.* at 4).[1]

In opposition, Alpha asserts that Jorbel-Brown "has presented no proof that either Scott or Kyle assert an interest in the subject matter of this action" and, instead, she "relies on the statements of counsel in her brief." (D.E. No. 21 ("Pl. Opp. Br.") at 8). So Alpha contends that Jorbel-Brown "has not carried her burden to prove that Scott and Kyle assert an interest in the subject matter of this litigation." (*Id.* at 9).

Alpha argues that—even if such an interest exists—neither prong of Rule 19(a)(1)(B) is met. (*See id.*). First, it argues that "[r]egardless of the outcome of this action, Scott and Kyle are free to assert any interest they might have in the sketches against whoever prevails in this action" and "neither is a necessary party under Rule 19(a)(1)(B)(i)." (*Id.* at 10). Second, Alpha argues that Jorbel-Brown's "bare assertions are insufficient, and she has not carried her burden of proving that there is a 'substantial risk' to any party of incurring double, multiple or inconsistent obligations if Scott and Kyle Jorbel are not joined" under Rule 19(a)(1)(B)(ii). (*Id.* at 10-11). Alpha adds that, "as the majority of the allegations in the complaint are directed to one person, and one person only - Ms. Brown, there is no 'substantial risk' of multiple or inconsistent obligations" for purposes of Rule 19(a)(1)(B)(ii). (*Id.* at 12).

Both parties agree, however, that—if the Jorbel Sons are deemed necessary parties—then they can be feasibly joined. (Def. Mov. Br. at 6; Pl. Opp. Br. at 12-13). Along the same lines,

---

[1] Jorbel-Brown does "not advance an argument pursuant to Rule 19(a)(1)(A)." (D.E. No. 22 ("Def. Reply Br.") at 1).

both parties agree that the Jorbel Sons are subject to service of process and joinder would not destroy diversity jurisdiction. (Def. Mov. Br. at 3; Pl. Opp. Br. at 2).

**III.    Legal standard**

Under Federal Rule of Civil Procedure 12(b)(7), a party may seek dismissal for failure to join a party under Federal Rule of Civil Procedure 19. Rule 19(a) provides, in relevant part, that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b) (listing factors for the court to consider).[2]

"In reviewing a motion to dismiss under Rules 12(b)(7) and 19, the court must accept all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving party." *Am. Home Mortg. Corp. v. First Am. Title Ins. Co.*, No. 07-1257, 2007 WL 3349320, at *3 (D.N.J. Nov. 9, 2007) (citation omitted). "It is the movant's burden to prove that a non-party is indispensable to the adjudication of the action." *Id.* (citation omitted). "The

---

[2] *See also Tullett Prebon, PLC v. BGC Partners, Inc.*, 427 F. App'x 236, 239 (3d Cir. 2011) ("Rule 19 mandates a two-step process: (1) the court first must determine whether the absent party is 'necessary' under Rule 19(a); and (2) if the party is 'necessary' and joinder is not feasible, then the court must decide whether the party is 'indispensable' under Rule 19(b)." (citation omitted)).

inquiry required by a Rule 19 motion must be determined in the context of the particular litigation because it is fact specific." *Estrella v. V & G Mgmt. Corp.*, 158 F.R.D. 575, 580 (D.N.J. 1994) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)).

**IV.    The Jorbel Sons are not necessary parties under either Rule 19(a)(1)(B)(i) or Rule 19(a)(1)(B)(ii)**

As noted, the parties dispute whether the Jorbel Sons have claimed an interest relating to the subject of the action as required under Federal Rule of Civil Procedure 19(a)(1)(B). (*See* Pl. Opp. Br. at 7-9; Def. Reply Br. at 1-3). But, even accepting that Alpha's allegations show that the Jorbel Sons have a clear interest in the subject of the present action, the Court finds that neither Rule 19(a)(1)(B)(i) nor Rule 19(a)(1)(B)(ii) makes the Jorbel Sons necessary parties in this action.

*First*, for Rule 19(a)(1)(B)(i), Jorbel-Brown argues that the Jorbel Sons "would be impeded in protecting their interests if they are not joined in this matter because they are alleged to be at the center of the events giving rise to this action"—and, further, that "not only will the alleged wrongfulness" of their "actions be determined by the Court in this case, but their ownership interest in some or all of the sketches at issue will also be determined." (Def. Reply Br. at 4-5).

Jorbel-Brown cites no law supporting that this makes the Jorbel Sons necessary parties under Rule 19(a)(1)(B)(i). (*See id.*). Moreover, a careful reading of the complaint reveals that Alpha alleges that it "agreed" to let the Jorbel Sons keep 3 of the 30 discovered sketches, but it "is the owner of the *rest* of the sketches . . . and [D]efendant has wrongfully retained them." (Compl. ¶¶ 4-7 (emphasis added)). So, from the allegations, it is not apparent how the Jorbel Sons' ability to protect their interest in the 3 sketches would be impaired or impeded if they are

absent from this action.  After all, taking Alpha's allegations as true, as the Court must at this stage, the Jorbel Sons appear to have no ownership interest in the remaining 27 sketches.  To be sure, although Jorbel-Brown avers that Alpha alleges "wrongdoing" by the Jorbel Sons, (*e.g.*, Def. Mov. Br. at 4), "[c]ourts . . . have long recognized that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  *See Huber v. Taylor*, 532 F.3d 237, 250 (3d Cir. 2008) (citation and quotation marks omitted).

*Second*, for Rule 19(a)(1)(B)(ii), Jorbel-Brown argues that "[t]here is a *risk* that Scott and Kyle Jorbel will bring similar claims against Ms. Jorbel-Brown, considering their interest in the sketches at issue" and, therefore, she "would be exposed to potentially inconsistent obligations." (Def. Reply Br. at 5 (emphasis added)).  As an initial matter, Rule 19(a)(1)(B)(ii) requires a "substantial risk," not just any risk.  Further, Jorbel-Brown assumes—without support from Alpha's complaint—that the Jorbel Sons have an interest in the 27 sketches that Alpha alleges have been wrongfully withheld.  (*See* Compl. ¶ 7 ("Plaintiff is the owner of the rest of the sketches . . . and [D]efendant has wrongfully retained them.")).  In other words, the "sketches at issue" in this action appear to be the 27 sketches that Alpha wanted returned—and there is no reason to assume that the Jorbel Sons have a "potential ownership interest" in those sketches, (*see* Def. Reply Br. at 5).  Indeed, every cause of action that Alpha asserts is based on the "rest of the sketches"—i.e., the remaining 27 of the 30 discovered sketches.  (*See*, *e.g.*, Compl. ¶ 7, Count One ¶ 3, Count Two ¶ 8, Count Three ¶ 13).

Because Jorbel-Brown fails to satisfy the requirements of Rule 19(a)(1), the Court need not address whether the Jorbal Sons can be feasibly joined or whether dismissal is warranted under Rule 19(b).  *See Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) ("[N[o inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.").

## V. Conclusion

For the above reasons, Jorbel-Brown's motion is denied. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
